1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN W. ROSE,

11              Petitioner,              No. 2:11-cv-00327-WBS-DAD P

12        vs.

13   GARY SWARTHOUT,                     FINDINGS AND RECOMMENDATIONS

14              Respondent.

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decisions of the Board of Parole

18   Hearings (hereafter, "Board") to allegedly "continuously" deny him parole.  Before the court is

19   respondent's motion to dismiss the petition on the grounds that petitioner has not presented any

20   cognizable claim to federal habeas relief and that petitioner has failed to comply with the

21   applicable statute of limitations and exhaustion requirements.  Petitioner opposes the motion.

22                              **BACKGROUND**

23          In 1990, petitioner was convicted of  kidnaping for ransom, false imprisonment

24   and residential burglary and was sentenced to a term of seven years to life imprisonment with the

25   possibility of parole.  (Doc. No. 1 at 25.)

26   /////

1          According to the allegations of his petitioner for federal habeas relief, since 1996

2  petitioner has appeared at eight parole suitability hearings and at each such hearing he has been

3  denied parole by the Board.  (Id.)  Petitioner's last such parole hearing was held on January 5,

4  2010.  (Id.)

5          On December 11, 2008, petitioner filed a federal habeas petition challenging the

6  Board's decisions denying him parole following his parole suitability hearing on February 5,

7  2008.  See Rose v. Sisto, Case No. 2:08-cv-03012-MCE-DAD P.  Respondent filed a motion to

8  dismiss the petition on the grounds that petitioner had failed to exhaust his claims in state court.

9  On April 8, 2010, the undersigned filed findings and recommendations recommending that

10  respondent's motion to dismiss be granted.  (Id., Doc. No. 19.)  On April 8, 2010, those findings

11  and recommendations were adopted by the assigned District Judge and this habeas action was

12  dismissed without prejudice.  (Id., Doc. No. 25.)  On December 20, 2011, the United States

13  Court of Appeals for the Ninth Circuit denied petitioner a certificate of appealability.  (Id., Doc.

14  No. 30.)  Petitioner, however, does not specifically challenge the Board's 2008 decision to deny

15  him parole in this federal habeas action.

16          Prior to filing this federal habeas action now pending before the court, petitioner

17  filed a state habeas petition with the California Supreme Court (Case No. S182204).  (Doc. No.

18  1-4 at 31.)  On November 17, 2010, the California Supreme Court summarily denied that habeas

19  petition.  (Id.)  Respondent has provided this court with a copy of the petition filed with the

20  California Supreme Court, signed by petitioner on April 25, 2010.  (Doc. 12-1 at 2-7.)  In that

21  petition, however, it appears that petitioner did not challenge a Board decision stemming from a

22  specific parole suitability hearing.  Rather, in that state habeas petition petitioner appears to have

23  challenged the decisions of the Los Angeles County Superior Court (Doc. No. 12-5 at 5-8; Doc.

24  No. 12-6 at 8) and the California Court of Appeal for the Second Appellate District (Doc. No.

25  12-6 at 26-27) denying him habeas relief and the Board's regulations and practices in general.

26  Specifically, in his habeas petition filed with the California Supreme Court petitioner presented

2

the following grounds for relief:

> Ground 1:  Lower courts' decision deprived petitioner of a fair and adequate habeas review in violation of the 14th Amendment U.S. Constitution
>
> Ground 2:  The Board's failure to comport with California Penal Code § 3041 violated petitioner's substantive due process/the Board's regulations are vague and unconstitutional and deprive petitioner due process

(Doc. 12-1 at 4-5.)

## PETITIONER'S FEDERAL HABEAS PETITION

Petitioner has submitted to this court a form federal habeas petition, a 46-page typewritten petition, and seventy-nine pages of attachments.  (Doc. No. 1.)  Although petitioner's previous federal habeas petition challenging the Board's decision to deny him parole in 2008 was dismissed as presenting only unexhausted claims, the federal habeas petition now pending before the court does not challenge a specific parole hearing decision.  In this regard, petitioner explains:

> In August of 2007, after six parole hearing[s] in which Petitioner was again denied modification of his sentence/parole release on the basis of Respondents' claim that he "posed a threat, danger to public safety," This [sic] decision, like all those previously rendered, and all those later held, were predicated upon Respondents' regulations and alleged discretionary authority to so act[.]  It was at this time that it became quite apparent to Petitioner that the Board was abusing its discretion and depriving Petitioner of liberty in violation of the United States Constitution through the use of vague and unconstitutional regulations, in part.

(Id. at 25-26.)

Petitioner's lengthy federal habeas petition is certainly not a model pleading and his stated grounds for relief are not clearly and concisely described.  Respondent has characterized petitioner's claims as follows:

> (1) the Board violated his sentence by not setting his term at his first parole consideration hearing; (2) his equal protection rights have been violated because he was denied credits to reduce his

sentence; (3) the Board's regulations are unlawful; (4) all his parole hearings from 1996 until 2010 violated his due process rights because there is no evidence that he is currently dangerous; (5) his sentence violates the Eighth Amendment; (6) he was denied his Sixth Amendment right to effective assistance of counsel at his parole hearings; (7) his Sixth Amendment rights were violated by the Board's consideration of facts not found true by a jury; (8) he was denied his First Amendment right to access to the courts; and (9) the Board is biased.

(Doc. No. 12 at 2-3.) In his opposition to respondent's motion to dismiss, petitioner does not dispute that the grounds upon which he seeks federal habeas relief are as summarized by respondent and set forth above. Below, the court will address petitioner's grounds for relief in the context of respondent's motion to dismiss.

## ANALYSIS

Under Rule 4 of the Rules Governing § 2254 Cases, "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Moreover, Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). Therefore, a motion for summary dismissal pursuant to Rule 4 of the Habeas Rules is an appropriate motion in habeas proceedings. O'Bremski, 915 F.2d at 420. Below, the court will address whether petitioner has presented a cognizable ground for relief under Rule 4.[1]

### I. Claimed Violation of Petitioner's Sentence by the Board

In this claim, while difficult to decipher, petitioner appears to argues that the Board is required to set an "individualized culpability term date" prior to his first parole

---

[1] Respondent also argues that the pending habeas petition was filed beyond the applicable one-year statute of limitations and that some of the claims presented therein are unexhausted. However, those arguments need not be addressed in light of the analysis set forth in these findings and recommendations addressing respondent's argument that petitioner has not stated cognizable grounds for relief.

suitability hearing. (Doc. No. 1 at 31-32.) Petitioner apparently believes that the Board is required to set a term of imprisonment which is proportionate to his commitment offense before making a determination that he is suitable for parole. (Id.) Petitioner argues that by failing to set such a date, the Board has imposed an excessive punishment upon him. (Id. at 32.) In support of this argument petitioner refers to California Penal Code § 3041[2] and Title 15 of California Code of Regulations (CCR) §§ 2280[3], 2281[4] and 3041.[5] (Id. at 31-32.)

       To the extent that petitioner is arguing that the Board of Parole Hearings is required to set a parole release date prior to determining suitability for parole, this argument lacks any legal basis and is not cognizable. See Roberts v. Hartley, 640 F.3d 1042 (9th Cir. 2011) (noting that although California law creates a liberty interest in parole, the Board is "'under no duty to offer parole'" nor is there a "'federal right to be conditionally released before the expiration of a valid sentence'") (quoting Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (2011)). Here, petitioner was sentenced to a term of seven years to life in prison with the possibility of release on parole before the expiration of his sentence. The Board's decision to deny petitioner parole is not in violation of the sentence imposed in his case nor does it render his punishment excessive.

/////

---

[2] California Penal Code § 3041 provides in part: "One year prior to the inmate's minimum eligible parole release date a panel of two or more commissioners or deputy commissions shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5 . . . . The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the inmate was sentenced and other factors in mitigation or aggravation of the crime. . . ."

[3] 15 CCR § 2280 provides in part: "A life prisoner shall be considered for parole for the first time at the initial parole consideration hearing. At this hearing, a parole date shall be denied if the prisoner is found to be unsuitable for parole under § 2281(c) . . . ."

[4] 15 CCR § 2281 sets forth what the Board is to consider in determining suitability for parole and the circumstances tending to show unsuitability.

[5] 15 CCR § 3041 provides the performance expectations for inmates who are assigned work, education and other programs.

1       To the extent that petitioner is attempting to argue that the Board's regulations are

2  illegal because they conflict with the California Penal Code, such a claim is also not cognizable

3  in this federal habeas action.  Rather, a federal court is limited to the determination of whether a

4  state court decision violates the Constitution, law or treaties of the United States.  See 28 U.S.C.

5  § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 119

6  (1982).  Federal habeas corpus relief "does not lie for error of state law."  Lewis v. Jeffers, 497

7  U.S. 764, 780 (1990); McGuire, 502 U.S. at 67; see also Pulley v. Harris, 465 U.S. 37, 41 (1984)

8  ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of

9  state law."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (A petitioner "may not

10  transform a state-law issue into a federal one merely by asserting a violation of due process.");

11  McMiller v. Salazar, No. CV 10-1237 JST (FMO), 2012 WL 2341574 at *2 (C.D. Cal. May 9,

12  2012) (rejecting petitioner's claim that 15 CCR § 2281 conflicts with California Penal Code §

13  3041 on the grounds that habeas relief does not lie for errors of state law); Rosales v. Carey, No.

14  CIV S-03-0230 JAM DAD (TEMP) P, 2011 WL 3319576, at *7 n.3 (E.D. Cal. Aug. 1, 2011)

15  (commenting that petitioner's contention that the Board failed to comply with state laws and

16  regulations in finding him unsuitable for release on parole is not cognizable on the basis of

17  claimed errors under state law).

18  **II.  Equal Protection Claim**

19       Petitioner has awkwardly described his equal protection claim as follows: "Ask

20  [sic] the court to determine if the equal protection guarantees of the Fourteenth [A]mendment are

21  applicable to Petitioner and those similarly situated, as a 'suspect class, or a class within a

22  class?'" (Doc. No. 1, ¶ 11 at 28.)

23       Respondent argues that petitioner's equal protection claim is meritless because he

24  has failed to show that he is a member of a class that was denied a benefit available to similarly

25  situated individuals.  (Doc. No. 12 at 6.)  Respondent suggests that petitioner is attempting to

26  argue that he is similarly situated to prisoners who are found suitable for parole release and who

1  have received credits that accelerate their parole release date but notes that petitioner's situation

2  is different because he has never been found suitable for release on parole.  (Id.)

3  In his opposition to the pending motion to dismiss, petitioner argues that he is

4  earning credits like other prisoners and that he is entitled to a determinate sentence, rather than an

5  indeterminate sentence at the hands of the Board.  (Doc. No. 16 at 12.)  Petitioner disputes that

6  he is required to show that he is similarly situated to life prisoners found suitable for release on

7  parole, and that such a comparison is irrelevant.  (Id.)  It appears that petitioner is arguing that

8  because he has earned eighteen years of time credits, he is entitled to release on parole without a

9  finding by the Board that he is suitable for release on parole.  (Id. at 12-14.)

10  A prisoner raising an equal protection claim in the parole context must

11  demonstrate both that he was treated differently from other similarly situated prisoners and that

12  the Board lacked a rational basis for its decision to treat him differently.  See McGinnis v.

13  Royster, 410 U.S. 263, 269-70 (1973); see also McQueary v. Blodgett, 924 F.2d 829, 835 (9th

14  Cir. 1991) (addressing equal protection in the context of sentencing).  In rejecting the notion that

15  he is required to show that he was treated differently than similarly situated prisoners, petitioner

16  is simply mistaken as to the governing legal principles.  Accordingly, the court concludes that

17  petitioner's equal protection claim is not cognizable.

18  **III.  Unlawful Board Regulations Claim**

19  Throughout his petition, petitioner argues that the regulations governing parole in

20  California are unlawful because they go beyond what is authorized by California Penal Code §

21  3041 and allow the Board to use a "formulaic application" to deny parole.  (Doc. No. 1 at 20-22,

22  28, 31, 39-41, 59.)  In moving to dismiss this claim, respondent argues that this claim is not

23  subject to federal habeas review.  (Doc. No. 12 at 5) (citing Swarthout, 131 S. Ct. at 861).

24  Petitioner counters by arguing that Swarthout is not controlling.  (Doc. No. 16 at 3-7.)

25  Petitioner is mistaken.  As noted above, a state prisoner is entitled to habeas relief

26  under 28 U.S.C. § 2254 "only on the ground that he is in custody in violation of the Constitution

7

1  or law or treaties of the United States." 28 U.S.C. § 2254(a).  Here, petitioner claims that his

2  continued incarceration by the state is based on unlawful state regulations which exceed that

3  which is authorized by the California's Penal Code.  As with petitioner's claim that the Board

4  has violated the terms of his sentence, his claim that the Board's regulations are unlawful is not

5  cognizable because federal habeas relief is unavailable for a claimed error under state law.  Id.;

6  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

7  **IV.  Due Process Claim**

8           Petitioner's next claim is that his due process rights have been violated at his past

9  parole hearings because there was no evidence presented at those hearings to show that he was

10  then currently dangerous.  (Doc. No. 12 at 3; Doc. No. 1 at 42-49.)  Respondent moves to dismiss

11  this claim, arguing that it is not cognizable.

12          The Due Process Clause of the Fourteenth Amendment prohibits state action that

13  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

14  due process violation must first demonstrate that he was deprived of a liberty or property interest

15  protected by the Due Process Clause and then show that the procedures attendant upon the

16  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

17  490 U.S. 454, 459-60 (1989).

18          A protected liberty interest may arise from either the Due Process Clause of the

19  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

20  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

21  221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

22  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

23  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

24  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

25  person to be conditionally released before the expiration of a valid sentence.").  However, a

26  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

8

1  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

2  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

3            As noted above, California's parole scheme gives rise to a liberty interest in

4  parole protected by the federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611

5  F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see

6  also Swarthout, 131 S. Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a

7  reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th

8  Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a

9  liberty interest in parole.").  In California, a prisoner is entitled to release on parole unless there is

10  "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06,

11  1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

12            In Swarthout, the Supreme Court reviewed two cases in which California

13  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

14  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

15  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

16  requires fair procedures, "and federal courts will review the application of those constitutionally

17  required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

18  procedures required are minimal" and that the "Constitution does not require more" than "an

19  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

20  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

21  decisions that went beyond these minimal procedural requirements and "reviewed the state

22  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

23  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

24  the application of the "some evidence" standard to parole decisions by the California courts as a

25  /////

26  /////

1  component of the federal due process standard.  Id. at 862-63.[6]  See also Pearson, 639 F.3d at

2  1191.

3          Petitioner's due process claim, which is limited to the allegation that the Board's

4  past decisions denying him parole were not supported by some evidence of petitioner's then-

5  current dangerousness as required under California law, has specifically been precluded from

6  federal habeas review by the Supreme Court's recent decision in Swarthout and therefore is not

7  cognizable.

8  **V.  Eighth Amendment Claim**

9          Petitioner also claims that the Board's decisions denying him parole violate the

10  Eighth Amendment's prohibition against cruel and unusual punishment.  (Doc. No. 1 at 53.)  In

11  moving to dismiss the pending petition, respondent argues that a life sentence with or without

12  parole for a felony conviction does not violate the Eighth Amendment.  (Doc. No. 12 at 7.)

13  Petitioner counters that he is not challenging his life sentence but that his continued incarceration

14  constitutes cruel and unusual punishment because he has now been incarcerated for twenty-four

15  years beyond the seven year minimum term of his indeterminate life sentence.  (Doc. No. 16 at

16  11.)

17          Petitioner's Eighth Amendment claim is not cognizable.  The United States

18  Supreme Court has upheld the constitutionality of indeterminate life sentences with the

19  possibility of parole after a specified period of time such as the sentence imposed in petitioner's

20  case.  Lockyer v. Andrade, 538 U.S. 63, 74 (2003); Ewing v. California, 538 U.S. 11, 30 (2003).

21  "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not

22

23          [6]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24  years the Ninth Circuit had consistently held that in order to comport with due process a state
    parole board's decision to deny parole had to be supported by "some evidence," as defined in
25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
    Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
    rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .").

1   be overturned on eighth amendment grounds." Belgarde v. Montana, 123 F.3d 1210, 1215 (9th

2   Cir. 1997).  Petitioner is serving an indeterminate life sentence and no violation of the Eighth

3   Amendment occurs merely because it is determined that he is unsuitable for release on parole

4   during the service of that prison term.  See Harris v. Long, No. CV 12-1349-VBF (PLA), 2012

5   WL 2061698, at *8 (C.D. Cal. May 10, 2012) ("[T]he Court is unaware of any United States

6   Supreme Court case holding that either the denial of parole and continued confinement of a

7   prisoner pursuant to a valid indeterminate life sentence, . . . constitutes cruel and unusual

8   punishment in violation of the Eighth Amendment.  Indeed, the Supreme Court has held that

9   '[t]here is no constitutional or inherent right of a convicted person to be conditionally released

10  before the expiration of a valid sentence.'") (quoting Greenholtz v. Inmates of Neb. Penal and

11  Correctional Complex, 442 U.S. 1, 7 (1979)); Prellwitz v. Sisto, No. Civ S-07-0046 JAM EFB P,

12  2012 WL 1594153, at *6 (E.D. Cal. May 4, 2012) (rejecting a similar Eighth Amendment claim

13  and holding that "[w]hile petitioner might have hoped or expected to be released sooner, the

14  Board's decision to deny him a parole release date has not enhanced his punishment or

15  sentence."); see also Rosales v. Carey, No. CIV S-03-0230 JAM DAD (TEMP) P, 2011 WL

16  3319576, at *8 (E.D. Cal. Aug. 1, 2011) ("[T]he Ninth Circuit has said that any emotional trauma

17  from dashed expectations concerning parole 'does not offend the standards of decency in modern

18  society.'") (quoting Baumann v. Arizona Dept' of Corrections, 754 F.2d 841 (9th Cir. 1985)).

19  **VI.  Sixth Amendment Right to Counsel Claim**

20          Petitioner next alleges that he was denied the effective assistance of counsel at his

21  past parole hearings.  (Doc. No. 1, ¶ 8 at 28.)  In moving to dismiss the pending petition,

22  respondent argues that petitioner has no Sixth Amendment right to counsel at parole suitability

23  hearings.  (Doc. No. 12 at 5-6.)  Petitioner replies that he was entitled to counsel at his parole

24  hearings because those hearings "were in effect 'sentence modification, or re-sentencing

25  hearings.'"  (Doc. No. 16 at 7.)

26  /////

Petitioner's contention that his parole hearings are an extension of the criminal proceedings against him and should be considered akin to motions to modify his sentence or for re-sentencing at which he is entitled to counsel, finds no support of the law.  Because a parole hearing is "not a part of a criminal prosecution, there is no right to counsel at parole eligibility hearings even when a protected liberty interest exists."  Pedro v. Oregon Parole Board, 825 F.2d 1396, 1399 (9th Cir. 1987); Luciano v. Busby, No. EDCV 12-00053 GAF (SS), 2012 WL 2412071, at *5 (C.D. Cal. May 15, 2012) ("Specifically, it is well settled that as a matter of federal law, 'due process does not entitle California state prisoners to counsel at [Department of Corrections hearings] called to determine, administratively, the length of imprisonment, and to grant or deny parole.'") (quoting Dorado v. Kerr, 454 F.2d 892, 897 (9th Cir. 1972)); see also Woods v. Marshall, No. CV 09-7300-JAK (OP)2011 WL 6077888, at *6 (C.D. Cal. July 22, 2011) ("There is no federal constitutional right to counsel in a state parole eligibility hearing."); Burns v. Curry, No. C 08-0163 PJH (PR), 2011 WL 740908 at *4 (N.D. Cal. Feb.24, 2011) ("[T]he Sixth Amendment right to counsel does not extend to inmates in parole eligibility hearings . . . .").  "Without a right to the appointment of counsel, there can be no right to the effective assistance of counsel."  Martinez v. Schriro, 623 F.3d 731, 743 (9th Cir. 2010).

Therefore, petitioner's claim that he received ineffective assistance of counsel at his past parole hearings is not cognizable and should be summarily dismissed.

**VII.  Sixth Amendment Right to a Jury Trial**

In his next claim, petitioner argues that his Sixth Amendment right to a jury trial was violated when the Board considered facts that had not been found true by a jury.  (Doc. No. 1, ¶ 7 at 28.)  In moving to dismiss this claim, respondent recognizes that under the decision in Blakely v. Washington, 542 U.S. 296, 301 (2004), the Sixth Amendment prohibits the use of facts to increase the penalty for a crime unless those facts were found true by a jury.  However, respondent argues, here petitioner was found guilty of the commitment offenses by a jury, was properly sentenced to seven years to life imprisonment and that sentence has not increased in any

1    way by the Board's decision to deny petitioner parole.  (Doc. No. 12 at 7.)  Petitioner replies that

2    the Board is "unilaterally imposing stiffer penalties based on facts . . . not found by a jury and

3    established beyond a reasonable doubt."  (Doc. No. 16 at 8-9.)

4              As respondent has pointed out, petitioner's indeterminate life sentence is in legal

5    effect a sentence of life imprisonment "subject only to the ameliorative power of the [Board] to

6    set a lesser term."  In re Dannenberg, 34 Cal. 4th 1061, 1097-98 (2005).  As noted above, a

7    denial of parole under these circumstances simply does not increase petitioner's sentence beyond

8    the statutory maximum of life imprisonment.  Moreover, unlike trial and sentencing proceedings

9    parole hearings are not part of the criminal prosecution and therefore "the full panoply of rights

10   due a defendant in such a proceeding is not constitutionally mandated."  Pedro, 825 F.2d at 1399.

11   See also United States v. Knights, 534 U.S. 112, 120 (2001) (right to a jury trial and requirement

12   of proof beyond a reasonable doubt are inapplicable in probation revocation proceedings).

13   Finally, habeas claims that parole denials are tainted by Blakely or Apprendi error such as

14   petitioner's here have consistently been rejected by District Courts in California.  See Robinson

15   v. Gonzalez, No. CV 12-91-SJO (PLA), 2012 WL 1642633 at *6-7 (C.D. Cal. May 3, 2012)

16   (citing other District Court decisions finding no Apprendi or Blakely violation in the Board's

17   denial of parole); Villarta v. Swarthout, No. C 10-2619 EJD (PR), 2012 WL 506567, at *4 (N.D.

18   Cal. Feb. 15, 2012) (holding that "the Apprendi jury requirement is not applicable to state parole

19   hearings because the parole determinations are not traditionally within the function of the jury.");

20   Hardwick v. Clarke, No. CIV S-06-0672 LKK DAD P, 2010 WL 1444575, at *15 n.4 (E.D. Cal.

21   April 12, 2010) (rejecting petitioner's argument that the Board's repeated finding that he was

22   unsuitable for parole did not transform his sentence to one of life without the possibility of parole

23   in violation of Apprendi and Blakely).

24             For the reasons set forth above, petitioner's claim that his Sixth Amendment right

25   to a jury determination with respect to facts relied upon to increase his sentence should be

26   summarily dismissed.

**VIII.  First Amendment Access to Court Claim**

Petitioner also contends that he has been denied his right to seek redress with respect to his claims because the habeas review provided by the state courts was inadequate. (Doc. No. 1 at 19, & ¶ 13 at 29.)  In moving to dismiss, respondent contends that petitioner has effectively conceded that he was able to present his claims for relief to the state courts, that his claims were considered, and that relief was denied.  (Doc. No. 12 at 6.)  Therefore, respondent argues, petitioner's claims were considered by the state courts which is all that is required.  (Id.) In reply, petitioner does not dispute that his claims for relief were presented to the state courts. Rather, he argues that he did not receive meaningful state habeas review of those claims because some were not recognized or addressed by the state courts.  (Doc. No. 16 at 4.)

The court concludes that petitioner has failed to present a cognizable claim for federal habeas relief on the grounds that he was denied access to the courts.  Generally, a denial of access to the courts claim is brought as a civil rights action and alleges some interference with a prisoner's ability to prepare and file legal papers with the court.  See Bounds v. Smith, 430 U.S. 817, 828 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."); Lewis v. Casey, 518 U.S. 343, 355 (1996) ("Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.").  Here, petitioner has alleged no facts which would support such a claim.

I any event, even assuming arguendo that the California courts failed to appropriately address petitioner's post-conviction filings, petitioner's claim of a denial of access to the courts fails to state a cognizable claim for federal habeas relief.  Petitioner's claim in this

14

1  regard is based upon alleged violations of state law and is not cognizable in this federal habeas

2  proceeding.  Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) ("federal habeas relief is not

3  available to redress alleged procedural errors in state post-conviction proceedings"); Gerlaugh v.

4  Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997) (same); Franzen v. Brinkman, 877 F.2d 26 (9th Cir.

5  1989) (alleged errors in a state post-conviction review proceeding are not addressable through

6  federal habeas corpus).  Accordingly, petitioner is not entitled to federal habeas relief on this

7  claim.

8  **IX.  Bias Claim**

9          Petitioner next contends that he has never "received a fair and impartial parole

10  hearing because of the tainted regulations and the Board's abuse of its authority."  (Doc. No. 1 at

11  26.)  Petitioner also alleges "that there is prejudice, discrimination and the appearance of bias

12  treatment being directed against him by Respondents, of whom have very close ties with the

13  Victim's Rights Association."  (Id.)  Finally, petitioner contends that because the Board failed to

14  "provide any meaningful guidance to Petitioner as to not being a danger to public safety . . . .

15  [t]he admitted inability of this administrative body to conduct the basic duty of a sentencing

16  authority, proves Petitioner's position that the panel member, indeed the board, is bias and

17  prejudice, lacking qualifications and ability to perform the task set-out by the legislature."  (Id. at

18  43.)  Petitioner's claim in this regard is vague, conclusory and speculative.

19          California inmates have a due process right to parole consideration by neutral

20  decision-makers.  See O'Bremski, 915 F.2d at 422 (an inmate is "entitled to have his release date

21  considered by a Board that [is] free from bias or prejudice").  Indeed, "a fair trial in a fair tribunal

22  is a basic requirement of due process."  In re Murchison, 349 U.S. 133, 136 (1955).  Here,

23  however, petitioner has alleged no facts supporting his bare allegation that the Board

24  demonstrated unlawful bias against him at any of his parole hearings or was improperly

25  influenced by a "Victim's Rights Association" to deny petitioner parole.  Moreover, petitioner

26  has made no allegation that he was not provided the process due to him as determined by the

1   Supreme Court in <u>Swarthout</u> at any of his prior parole hearings.  Accordingly, petitioner's claim

2   for federal habeas relief based upon alleged bias by the Board should be summarily dismissed.

3   <u>See</u> <u>Tidwell v. Marshall</u>, 526 F. Supp. 2d 1031, 1046 (C.D. Cal. 2007) (holding that where a

4   habeas petitioner broadly claims that a Board panel was biased and has presented absolutely no

5   evidence demonstrating such bias, the claim is conclusory and manifestly insufficient to warrant

6   habeas relief); <u>see</u> <u>also</u> <u>Karr v. Sisto</u>, No. 2:07-cv-0510-RSL-JLW, 2010 WL 1135873, at *11

7   (E.D. Cal. Mar. 22, 2010) (where petitioner has offered no evidence in support of a claim of the

8   Parole Board's bias, the claim should be rejected) (citing <u>Bettencourt v. Knowles</u>, No. CIV S-07-

9   2246 FCD DAD P, 2009 WL 4755403, at *17-18 (E.D. Cal. Dec. 8, 2009).

10                                      **CONCLUSION**

11          In accordance with the above, IT IS HEREBY RECOMMENDED that:

12          1.  Respondent's December 23, 2011 motion to dismiss (Doc. No. 12) be granted;

13   and

14          2.  This action be summarily dismissed.

15          These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

17   one days after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served and filed within seven days after service of the objections.  The parties are

21   advised that failure to file objections within the specified time may waive the right to appeal the

22   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23          In any objections he elects to file, petitioner shall address whether a certificate of

24   appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule

25   /////

26   /////

11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a
certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 18, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rose0327.mtd

17